# NOAH WEBSTER *vs.* GEORGE W. WOOLFORD.

*Measure of Damages for Breach of Contract of Sale—Special Damage—Action of Deceit.*

In an action to recover damages for breach of a contract of sale, the plaintiff is entitled to such damages as may be fairly considered as arising in the usual course of affairs from the breach itself, or such as were contemplated by both parties at the time of making the contract, as the probable result of a breach.

But where a contract has been made under special circumstances, and these were communicated by the plaintiff to the defendant, then the damages would be the amount of the injury which would ordinarily follow from a breach of contract under these special circumstances so known and communicated.

Whether special damages may reasonably be supposed to have been in the contemplation of both parties, depends upon how much of the real situation of the parties was so disclosed at the time the contract was made as to render it a fair inference of fact that damages of that class were intended to be recovered if suffered.

Where the action is in tort, founded on a breach of a contract of sale, the measure of damages is the same as in an action on the contract, when there is no question as to exemplary damages.

The declaration set forth that defendant, professing to be a duly authorized agent of the owner, agreed to sell to the plaintiff certain property; that plaintiff, after informing defendant of his purpose so to do, sold out his interest in a business in order to obtain money to pay for said property; that defendant's representations in regard to his authority to sell were false and fraudulent, and made with intent to deceive, and the plaintiff claimed to recover damages resulting from such sale of his business, etc. Upon demurrer, *Held*, That upon these facts plaintiff was not entitled to recover the alleged special damages, since the same arise from a collateral, independent matter, in no way connected with the contract itself.

Appeal from a judgment of the Circuit Court for Dorchester County, sustaining defendant's demurrer to the declaration. The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, ROBERTS and BOYD, JJ.

*Thomas W. Simmons*, for the appellant.

*Sewell T. Milbourne* (with whom were *John R. Pattison* and *Alonzo L. Miles* on the brief), for the appellee.

ROBINSON, C. J., delivered the opinion of the Court.

This is an action to recover damages for deceit alleged to have been practised by the defendant in respect of his authority to sell certain property situate in the town of Cambridge, and known as "The Seminary property."

The plaintiff says that the defendant, professing to be the agent of the Board of School Commissioners for Dorchester County, agreed to sell to him said property at a stipulated price; and that pending the negotiations for the sale, the plaintiff told the defendant that he intended to sell his interest in the fertilizer business, in which he had been engaged for some years, for the purpose of raising money to meet the payments on the "Seminary property," and that subsequently he did in fact sell out his interest in said business.

The plaintiff further alleges, that the representations made by the defendant in respect of his authority to sell said property were false and fraudulent, and made with intent to deceive the plaintiff; and that acting on the faith of these representations he sold out his fertilizer business, in consequence of which he suffered great loss by being thrown out of business and great worry of mind, &c.

The sole question on the demurrer is whether upon the facts thus alleged the plaintiff is entitled to recover the special damage suffered by him by the sale of his interest in the fertilizer business? The action, it is true, is in the nature of an action *for tort*, but it is a tort founded on a breach of contract, and there being no question as to exemplary damages, the rule as to the measure of damages is the same as in cases for breach of contract in regard to the

sale of property. Now, what is the rule in such cases? We take the rule to be that when two parties make a contract for the sale of property which one of the parties has broken, the other party may recover such damages as may fairly and reasonably be considered, *i. e.*, according to the usual course of business, to flow from the breach itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it. If the special circumstances under which the contract was made were communicated by the plaintiff to the defendant, then, in the language of the Court in *Hadley* v. *Baxendale,* 9 Exch. 341, "the damages resulting from the breach of such a contract which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from a breach of a contract under these special circumstances so known and communicated. But, on the other hand, if these special circumstances were wholly unknown to the party breaking the contract, he at the most could only be supposed to have had in his contemplation the amount of injury which would arise generally, and in the great multitude of cases not affected by any special circumstances, from such a breach of contract."

The first part of the rule as thus laid down applies to cases in which the damages are the direct and natural result of the breach of the contract, and which the law presumes to have been in the contemplation of both parties. The latter part of the rule applies in cases where special damages are claimed under special circumstances made known by the plaintiff to the defendant at the time the contract was made; and in such cases the plaintiff is entitled to recover such damages as may reasonably be supposed to have been in the contemplation of both parties in view of the circumstances thus disclosed.

Now, the plaintiff in this case is not claiming general damages for a breach of the contract, but special damages resulting from the sale of his *interest in the fertilizer business,*

and these damages he claims on the ground that pending the negotiations for the sale of the Seminary property, he told the defendant that he intended to sell said interest for the purpose of raising money to meet his payments on the property.     Whether special damages may reasonably be supposed to have been in the contemplation of both parties, depends in every case upon how much of the real situation of the parties was so disclosed at the time the contract was made, as to render it a fair inference of fact that damages of that class were intended to be recouped if suffered, *Grebert* v. *Nugent,* L. R. 15 Q. B. D. 85.

The plaintiff does not allege that he *was obliged* to sell his fertilizer business in order to raise the money to meet the payments on the Seminary property, nor does he allege that he intended to go into any other business in the event of his purchase of the property.     And for all that appears to the contrary, the loss suffered by him by the sale of his fertilizer business would have been the same, without regard to the breach of contract on the part of the defendant.     That is to say, his loss would have been the same, even if he had purchased the property which the defendant represented himself as having the authority to sell.

And besides this, the special damages which the law presumes to have been in contemplation of the parties are damages resulting in some way from the breach of contract or wrong done, and not damages arising from a collateral and independent undertaking, in no manner connected with or dependent on the original contract, for the breach of which the suit is brought.     Here the special damage claimed is one which resulted from a collateral undertaking, namely, the sale by the plaintiff of his fertilizer business, and one which cannot be said in the ordinary course of things, that is, according to our knowledge of business affairs, to have resulted from the fraud or deceit alleged to have been practised by the defendant in regard to his authority to sell the Seminary property.

And for the same reason, the facts set forth in the declara-

tion do not bring this case within that class of cases, in which a vendor has been held liable for the loss suffered by his vendee on a sub-contract to supply goods, made on the faith of the vendor's contract, which sub-contract was made known to the vendor at the time the original contract was made. In these cases the loss suffered by the vendee on account of his sub-contract is one which resulted from a breach of contract on the part of the vendor, and which under the circumstances may reasonably be supposed to have been in the contemplation of the parties at the time of making the original contract.

There is no ground, therefore, it seems to us, on which the special damage claimed in this case can be supported, and the demurrer was in our judgment properly sustained.

*Judgment affirmed.*